J. S30025/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
CARMELO RIVERA, : No. 3028 EDA 2014
:
Appellant :


Appeal from the PCRA Order, September 30, 2014,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0005579-2012


BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E. AND JENKINS, J.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JUNE 05, 2015**

Appellant appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541 to 9546. Finding no error, we affirm.

On October 4, 2012, appellant pleaded guilty to third degree murder and possessing an instrument of crime in connection with the death of Wilfredo Sorrento. The following facts underlay the plea. On the evening of July 10, 2011, appellant and the victim were patrons at the Olympico bar in Philadelphia. Appellant and the victim became embroiled in an argument over a woman appellant had brought to the bar. During the argument, appellant struck the victim in the cheek with the butt of a pool cue. The victim collapsed and died, and appellant fled the bar. The medical examiner determined that the cause of death was homicide. However, the evidence

indicated that the blow from the cue did not directly cause the victim's death, but rather induced an adrenaline rush which in turn caused a heart attack because of the victim's cardiovascular disease.

Immediately following the guilty plea, the court imposed the negotiated sentence of 10 to 20 years' imprisonment. No direct appeal was filed. On January 24, 2013, appellant filed the instant PCRA petition. Counsel was appointed but, on August 26, 2014, filed a petition to withdraw and "no-merit" brief. *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Thereafter, on August 29, 2014, the court filed notice, pursuant to Pa.R.Crim.P., Rule 907, 42 Pa.C.S.A., of its intention to dismiss appellant's petition without hearing. Appellant's petition was dismissed and counsel was permitted to withdraw on September 30, 2014. This timely appeal followed.

Appellant raises multiple assertions of ineffective assistance of trial counsel: 1) in failing to obtain a medical expert to show that the victim died of a heart attack and not because appellant struck him with a pool cue; 2) in failing to investigate and try the case, and instead inducing appellant to plead guilty; 3) in failing to obtain an interpreter; and 4) in failing to advise appellant of his right to withdraw his guilty plea. Finally, appellant asserts that PCRA counsel was ineffective in seeking to withdraw pursuant to *Turner*/*Finley*.

Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. ***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa.Super. 2010). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id.***

Moreover, as appellant's issues on appeal are stated in terms of ineffective assistance of counsel, we also note that appellant is required to make the following showing in order to succeed with such a claim: (1) that the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa.Super. 2010). The failure to satisfy any prong of this test will cause the entire claim to fail. ***Commonwealth v. Daniels***, 947 A.2d 795, 798 (Pa.Super. 2008). Finally, counsel is presumed to be effective, and appellant has the burden of proving otherwise. ***Commonwealth v. Pond***, 846 A.2d 699, 708 (Pa.Super. 2003).

We may quickly dispose of appellant's claims. Appellant first asserts that counsel was ineffective in failing to obtain expert medical testimony to prove that the victim died from a heart attack and not from being struck by the pool cue. Appellant contends that his crime only amounted to

involuntary manslaughter and not murder. He posits that he would not have pleaded guilty to murder had such expert medical testimony been available.

Such testimony would have been fruitless. The medical examiner himself stated that the victim died from the heart attack and not from blunt force trauma. However, the heart attack was induced by the trauma. This court has previously held in a prosecution for second-degree murder based upon a heart attack death, that expert medical testimony that death was due to heart disease aggravated by robbery and kidnapping and the manner of death was homicide was sufficient to support the conviction. ***Commonwealth v. Evans***, 494 A.2d 383, 389-390 (Pa.Super. 1985). Consequently, even if counsel had produced a medical expert to opine that the victim died from a heart attack, it would not have likely changed the result. Thus, there was no prejudice to appellant and no ineffectiveness on the part of counsel.

Next, appellant contends that counsel was ineffective in failing to investigate and try the case, and instead inducing appellant to plead guilty. We note that the trial court conducted a full plea colloquy of appellant. During that plea colloquy, appellant testified that nobody threatened or forced him to plead guilty, and that he was satisfied with counsel's representation. (Notes of testimony, 10/4/12 at 13.) "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea

which contradict the statements he made at his plea colloquy." ***Commonwealth v. Turetsky***, 925 A.2d 876, 881 (Pa.Super. 2007), ***appeal denied***, 940 A.2d 365 (Pa. 2007), quoting ***Commonwealth v. Pollard***, 832 A.2d 517, 524 (Pa.Super. 2003) (citations omitted).

Furthermore, appellant was faced with a total maximum sentence of 45 years' imprisonment. The incriminating facts against appellant were compelling.[1] By negotiating a plea bargain, counsel limited appellant's maximum sentencing exposure to 20 years' imprisonment. Thus, counsel had a valid strategic reason for advising acceptance of the plea and not taking the case to trial. There is no ineffectiveness in this regard.

Next, appellant asserts that counsel was ineffective in failing to obtain an interpreter. A Spanish interpreter was present for appellant's guilty plea hearing. (Notes of testimony, 10/4/12 at 3.) Furthermore, to the extent that appellant's claim implicates his ability to communicate with his attorney prior to the guilty plea hearing, the trial court specifically inquired of appellant during the plea hearing whether he was able to fully communicate with his attorney during trial preparation despite the language difference, and appellant answered in the affirmative. (***Id.*** at 4-5.) Appellant is bound by that answer. ***Pollard***. There is no ineffectiveness on this basis.

---

[1] The attack was apparently caught on video. (Notes of testimony, 10/4/12 at 22.)

Next, appellant argues that trial counsel was ineffective in failing to advise appellant of his right to withdraw his guilty plea. At the close of the guilty plea hearing, the court alerted appellant to the possibility of withdrawing his guilty plea when it specifically asked appellant if he would be instructing his counsel to file a motion to withdraw the plea. (Notes of testimony, 10/4/12 at 29-30.) Since the court alerted him to this possibility, counsel cannot be found ineffective for failing to do so.

Finally, appellant asserts that PCRA counsel was ineffective in seeking to withdraw pursuant to *Turner*/*Finley*. Appellant never objected to PCRA counsel's representation before the PCRA court either in a response to the no-merit brief or in response to the Rule 907 notice. Consequently, appellant may not raise this matter for the first time on appeal. *Commonwealth v. Pitts*, 981 A.2d 875, 878-881 (Pa. 2009).

Accordingly, having found no merit in the issues on appeal, we will affirm the order below.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/5/2015

- 6 -